SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Docket No.:

-------------------------------------------------------------
H. BENDAL HOLT a/k/a BENDAL HOLT, and
BENJAMIN MANSFIELD,

CV 13    5704

**COMPLAINT**

    Plaintiffs,

    -against-

FEROUZ FOOD CORP., individually and d/b/a CROWN
FRIED CHICKEN, and AHMED NOOR, individually,

    Defendants.
-------------------------------------------------------------X

PLAINTIFFS DEMAND
A TRIAL BY JURY

Plaintiffs, H. BENDAL HOLT a/k/a BENDAL HOLT, and BENJAMIN MANSFIELD, by their attorneys, the Arcé Law Group, PC, upon information and belief, complain of Defendants as follows:

## NATURE OF THE CASE

1. Plaintiffs complain pursuant to 42 U.S.C. Section 1981 and to remedy violations of New York State and New York City law based upon the pendent jurisdiction of this Court pursuant to *Gibb*, 38 U.S. 715 (1966), and 28 U.S.C. §1367, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiffs have suffered as a result of being harassed, and discriminated against on the basis of their race (African American).

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. §12101 et. seq.; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and supplemental jurisdiction under 28 U.S.C. §1367.

3. This action involves a Question of Federal Law.

1

4. Venue is proper in this district based upon Defendants' principal place of business located within the Eastern District of the State of New York. 28 U.S.C. §1391(b).

**PARTIES**

5. Plaintiff H. BENDAL HOLT a/k/a BENDAL HOLT (herein also referred to as "HOLT") is an African American resident of the State of New York, County of Queens.

6. Plaintiff BENJAMIN MANSFIELD (herein also referred to as "MANSFIELD") is an African American resident of the State of New York, County of Queens

7. At all times material, Defendant FEROUZ FOOD CORP., individually and d/b/a CROWN FRIED CHICKEN (herein also referred to as "CROWN FRIED CHICKEN") was and is a Domestic Business Corporation duly existing under the laws of the State of New York.

8. At all times material, Defendant CROWN FRIED CHICKEN was a place of public accommodation.

9. At all times material, Defendant CROWN FRIED CHICKEN was and is a "place of public accommodation" as defined in the Administrative Code of the City of New York; § 8-102

10. At all times material, Defendant CROWN FRIED CHICKEN was and is a "place of public accommodation" as defined in the New York Executive Law § 292(9).

11. At all times material, Defendant CROWN FRIED CHICKEN owned and operated a restaurant located at 135-18 Jamaica Avenue, Richmond Hill, New York 11418.

12. At all times material, Defendant CROWN FRIED CHICKEN did and does sell food and foodstuff to the general public.

13. At all times material, Defendant AHMED NOOR (herein also referred to as "NOOR"), was and is the owner of Defendant CROWN FRIED CHICKEN.

14. At all times material, Defendants CROWN FRIED CHICKEN and NOOR are also herein

collectively referred to as "Defendants."

15. At all times material, Plaintiffs were consumers/customers of Defendants.

16. At all times material, Plaintiffs were lawfully on Defendants' premises.

## MATERIAL FACTS

17. On or about November 23, 2011, Plaintiffs entered Defendants' premises with the intent to purchase food.

18. Upon entering the premises, Plaintiffs looked at the menu posted on the wall and asked Defendant NOOR how much two pieces of chicken would cost. Defendant NOOR told Plaintiffs the price.

19. Plaintiff MANSFIELD then asked Defendant NOOR how much 2 pieces of chicken would be with French Fries. Defendant NOOR told Plaintiff the price.

20. Plaintiff HOLT then asked Defendant NOOR how much the French fries cost. Defendant NOOR said "$2.00."

21. Plaintiff HOLT then turned to Plaintiff MANSFIELD and said **"That's too much money."** Defendant NOOR then told Plaintiff HOLT **"Shut up, you are getting on my nerves."**

22. When Plaintiff HOLT said **"What!?"** Defendant NOOR told Plaintiff HOLT to **"Shut the fuck up, I don't like you niggers!"**

23. Plaintiffs showed shock and surprise at Defendant NOOR's outburst and repeated **"What!?"** Defendant NOOR then started waiving his hands in the air and yelled at Plaintiffs, **"Get the fuck out of here, you niggers! Get out!"**

24. Defendant NOOR then told Plaintiffs **"I don't like you niggers"** and **"get the fuck out of here, you niggers!"**

25. Plaintiffs immediately exited the premises.

26. On or about November 23, 2011, Defendants discriminated against Plaintiffs on the basis of Plaintiffs' race.

27. On or about November 23, 2011, Defendants interfered with Plaintiffs' ability to purchase food at their restaurant because of Plaintiffs' race.

28. As a result of Defendants' actions, Plaintiffs felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

29. Defendants' conduct was intentional and malicious and done for the purpose of causing Plaintiffs to suffer humiliation, mental anguish, and emotional and physical distress.

30. At all times material, Plaintiffs were intentionally, maliciously, and willfully denied continued access to Defendants' premises/restaurant.

31. As a result of the acts and conduct complained of herein, Plaintiffs have suffered and will continue to suffer emotional pain, physical injuries, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses; Plaintiffs have further experienced severe emotional and physical distress.

32. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiffs demands Punitive Damages as against all the Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## UNDER FEDERAL LAW
## 42 U.S.C. Section 1981

33. Plaintiffs repeat and reallege each and every paragraph above as if said paragraph was more fully set forth herein at length.

34. 42 USC Section 1981 states in relevant part as follows:

(a) Statement of equal rights All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981.

35. Plaintiffs, members of the Black and/or African-American race, were discriminated against because of their race as provided under 42 USC Section 1981 and has suffered damages as set forth herein.

## AS A SECOND CAUSE OF ACTION
## UNDER NEW YORK STATE LAW
## DISCRIMINATION

36. Plaintiffs repeat and reallege each and every paragraph above as if said paragraph was more fully set forth herein at length.

37. New York State Executive Law § 296 (2)(a) states in pertinent part:

"It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, resort or amusement, because of the race, creed, color... of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof... or that the patronage or custom thereat of any person of or purporting to be of any particular race, creed, color... is unwelcome, objectionable or not acceptable, desired or solicited."

38. Defendants violated the section cited herein as set forth.

39. As a result of said conduct Plaintiffs suffered and suffer from severe emotional distress.

## AS A THIRD CAUSE OF ACTION
## UNDER NEW YORK CITY LAW
## DISCRIMINATION

40. Plaintiffs repeat and reallege each and every paragraph above as if said paragraph was more fully set forth herein at length.

41. The Administrative Code of the City of New York; § 8-107; "Unlawful Discriminatory Practices"; (4) "Public Accommodations" states in pertinent part:

> (a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived race, creed, color . . .of any person directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof, or, directly or indirectly, to make any declaration, publish, circulate, issue, display, post or mail any written or printed communication, notice or advertisement, to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of perceived race, creed, color. . . or that the patronage or custom of any person belonging to, purporting to be, or perceived to be, of any particular perceived race, creed, color. . . is unwelcome, objectionable or not acceptable, desired or solicited.

42. Defendants violated the section cited herein as set forth.

43. As a result of said conduct Plaintiffs suffered and suffer from severe emotional distress.

## AS A FOURTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44. Plaintiffs repeat and reallege each and every paragraph above as if said paragraph was more fully set forth herein at length.

45. Defendants engaged in extreme and outrageous conduct.

46. Defendants intended to cause, or disregarded a substantial probability of causing, severe emotional distress to Plaintiffs.

47. There exists a causal connection between the above conduct and said injury.

48. As a result of said conduct Plaintiffs suffered and suffer from severe emotional distress.

## AS A FIFTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

49. Plaintiffs repeat and reallege each and every paragraph above as if said paragraph was more fully set forth herein at length.

50. Defendants breached a duty owed directly to the Plaintiffs that either endangered Plaintiffs' physical health and safety and/or caused Plaintiffs to fear for their own health and safety.

51. As a result of said conduct Plaintiff suffered and suffers from severe emotional distress.

## INJURY AND DAMAGES

52. As a result of the acts and conduct complained of herein, Plaintiffs have suffered and will continue to suffer future emotional pain, suffering, inconvenience, injury to reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiffs have further experienced severe emotional and physical distress.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully requests a judgment against the Defendants:

A. Declaring that the Defendant engaged in unlawful employment practice prohibited by 42 U.S.C. §1981, the New York City Administrative Code Title 8, §8-107 et. seq., the New York Executive Law, and the New York common law; and that the Defendants harassed and discriminated against Plaintiffs on the basis of their race.

B. Awarding Plaintiffs compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in a amount in excess of the jurisdiction of all lower courts;

C. Awarding Plaintiffs punitive damages;

D. Awarding Plaintiffs attorney's fees, costs, and expenses incurred in the prosecution of the action;

E. Awarding Plaintiffs such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' practices.

F. Awarding Plaintiffs such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

## **JURY DEMAND**

Plaintiffs request a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
       October 16, 2013

                                   **ARCÉ LAW GROUP, PC**
                                   Attorneys for Plaintiffs

By: _____
      W. Gordon Kaupp, Esq.
      30 Broad Street, 35th Floor
      New York, New York 10004
      (212) 248-0120